UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-15M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DETENTION ORDER |
| | ) | |
| NICHOLAS MICHAEL SLEDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense</u>

   Bank Robbery

<u>Date of Detention Hearing</u>:    January 30, 2006

   The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

   <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

   (1)    The defendant is charged with Bank Robbery. His father is a co-defendant in the

case.

(2) The defendant has an extensive criminal record. His history includes multiple failures to appear for court appearances with resulting warrant activity. At the time of the instant offense, he was on state supervision. He had been terminated from the drug and alcohol treatment program, and his community corrections officer described his adjustment to supervision as "poor". He was reported to use methamphetamine while on supervision, resulting in four separate violation hearings.

(3) The defendant poses a risk of nonappearance due to a history of failing to appear, failing to comply with court orders, and use of illegal substances. He poses a risk of danger due to the use of illegal substances, criminal history and the nature of the current charges.

(4) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is

confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  30th  day of  January , 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge